**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re:                                                                          Chapter 13
                                                               Case No.: 6:15-bk-10745-KSJ

**JONATHAN JAY SCHECHTER**
**RENE LYNN SCHECHTER**

            Debtors.
_____/

**BSI FINANCIAL SERVICES' RESPONSE TO**
**DEBTORS' MOTION TO ENFORCE ORDER GRANTING MOTION**
**FOR APPROVAL OF PERMANENT MORTGAGE MODIFICATION [D.E. 65]**

Secured Creditor, **BSI FINANCIAL SERVICES, AS SERVICING AGENT FOR US**
**BANK TRUST N.A., AS TRUSTEE OF THE IGLOO SERIES III TRUST** ("BSI Financial
Services" or "Secured Creditor") by and through its undersigned attorney, files its Response to
Debtors' Motion to Enforce Order Granting Motion for Approval of Permanent Mortgage
modification [D.E. 65], and thereto states as follows:

1.       On December 31, 2015, (the "Petition Date"), the debtors, Jonathan Jay Schechter
and Rene Lynn Schechter (the "Debtors') filed its Voluntary Petition under Chapter 13 of the
United States Bankruptcy Code [D.E. 1].

2.       On January 7, 2016, the Debtor filed a Motion for Referral to Mortgage
Modification Mediation with Nationstar Mortgage, LLC ("Secured Creditor's Predecessor) [D.E.
9].

3.       On January 8, 2016, the Court entered the Order Directing Mortgage Modification
Mediation [D.E. 10].

4.       On May 17, 2016, Mediator Leanna A. Levett filed a First Mediator's Report and
Notice of Completion of Mediation [D.E. 27] (the "Mediator's Report").  Pursuant to the
Mediator's Report, the parties reached a temporary loan modification agreement.

5.      On May 31, 2016, the Debtor filed a Motion for Approval of Temporary Mortgage Modification Mediation Agreement [D.E. 28].

6.      On June 1, 2016, this Court entered the Order Granting Motion for Approval of Temporary Mortgage Modification Mediation [D.E.29].

7.      On June 9, 2016, the Debtor filed a Motion for Approval of Permanent Mortgage Modification Mediation Agreement [D.E. 33] on negative notice.

8.      On July 11, 2016, this Court entered the Order Granting Motion for Approval of Permanent Mortgage Modification Mediation [D.E. 47] (the "Order Approving Permanent Loan Modification").

9.      On December 15, 2017, Secured Creditor filed the Notice of Transfer of Claim [D.E. 57] which evidenced the transfer of the claim from Secured Creditor's Predecessor to Secured Creditor.

10.      On July 27, 2020, the Debtor filed its Motion to Enforce Order Granting Motion for Approval of Permanent Mortgage Modification [D.E. 65] (the "Motion to Enforce") and a hearing on the Motion to Enforce has been scheduled for October 15, 2020 at 1:30 p.m.

11.      Pursuant to the Motion to Enforce, the Debtors allege that Secured Creditor has failed to comply with the Court's Order Approving Permanent Loan Modification; specifically, that the principal balance has not been properly adjusted to reflect a deferred principal amount of $85,000.00 pursuant to the loan modification.

12.      Creditor is currently reviewing the loan and seeks a continuance of the hearing on the Motion to Enforce to allow Secured Creditor additional time to conduct a thorough analysis of the loan in an effort to address and resolve the allegations raised in the Motion to Enforce.

13.    Counsel for Secured Creditor has requested information and accounting records from Secured Creditor in an effort to formulate a more accurate and proper response to the Motion to Enforce.  However, counsel asserts that due to the timing of its retention as counsel for Secured Creditor it has not had sufficient time in which to receive the requested information nor to review and conduct an investigation of the circumstances leading up to the allegations contained in the Motion to Enforce.

14.    Counsel for Secured Creditor respectfully requests that this Court continue the hearing on the Motion to Enforce so as to allow counsel and Secured Creditor to further investigate the allegations in an effort to resolve the matter.

**WHEREFORE**, Secured Creditor, respectfully requests that the Court continue the hearing on the Motion to Enforce so as to allow undersigned counsel and Secured Creditor to properly investigate allegations to properly formulate a supplemental response and/or attempt to resolve the Motion to Enforce, and for any such other relief as the Court deems appropriate.

**Dated this 14th day of October, 2020.**

Respectfully submitted,

**GHIDOTTI | BERGER, LLP**
*Attorneys for Secured Creditor*
1031 North Miami Beach Blvd.
North Miami Beach, FL 333162
Telephone: (305) 501.2808
Facsimile: (954) 780.5578

By: /s/ Melbalynn Fisher
          Melbalynn Fisher, Esq.
          Florida Bar No. 107698
          mfisher@ghidottiberger.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on <u>October 14, 2020</u>, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

I also certify that the foregoing document is being served this day, either via transmission of Notice of Electronic Filing generated by CM/ECF or by first class U.S. Mail, upon:

*Debtor*
**Jonathan Jay Schechter**
5732 Covington Cove Way
Orlando, FL 32829

*Debtor's Counsel*
**Rene Lynn Schechter**
5732 Covington Cove Way
Orlando, FL 32829

**Debtors' Counsel**
**Jonathan D Eichelberger**
Myers, Eichelberger & Russo, P.L.
5728 Major Boulevard, #735
Orlando, FL 32819

*Trustee*
**Laurie K Weatherford**
Post Office Box 3450
Winter Park, FL 32790

*U.S. Trustee*
**United States Trustee - ORL7/13, 7**
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

By:    /s/ Melbalynn Fisher
        Melbalynn Fisher, Esq.